UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EMMA ORTIZ TORRES, et als.,**
Plaintiffs

v.                                                                              CIVIL NO. 04-1967(DRD)

**METROPOLITAN LIFE INSURANCE CO.,**
Defendants

### ORDER

Pending before the Court is Metropolitan Life Insurance Company's ("defendant") *Motion to Dismiss for Lack of Prosecution*. (Docket No. 25). Through said motion, defendant moves the Court to dismiss all plaintiffs' remaining claims against it for having failed to comply with the Court's management order issued by the Court during the Initial Scheduling Conference of January 13, 2005. Defendant argues that the Court had provided plaintiffs with a March 3rd, 2005 deadline to file their legal brief in support of its claim to review and reverse an ERISA administrative decision issued by defendant. Plaintiffs allowed for the deadline to elapse without filing said memorandum. Consequently, defendant requests the instant case be dismissed pursuant to Fed.R.Civ.P. 41(b).

Plaintiffs duly opposed said request through their *Motion Opposing Motion to Dismiss*. (Docket No. 26). Therein, plaintiffs explain to the Court that during the ISC of January 7, 2005, the deadline imposed upon them was thirty (30) days from the receipt by them of defendant's administrative record, and that the March 3, 2005 deadline was the deadline for defendants to provide them with said record. They continue their argument detailing that, because defendant was granted until February 17, 2005 to notify the record (as a result of an extension granted by the Court), the Court logically meant that the deadline for their filing of the memorandum of law could not be March 3, 2005.

During the Initial Scheduling Conference of January 13, 2005, the Court issued the following scheduling order:

> Defendant shall submit to the Court the administrative record on or before **January 31, 2005.** Providing a copy to plaintiffs' counsel.
>
> Plaintiffs shall file their legal brief on or before **March 3, 2005.**
>
> Defendant shall file their opposition on or before **April 4, 2005.**

*Minute of Proceedings*, January 13, 2005 (Docket No. 20). On that same date, the Court also entered the following order:

> ORDER. Defendant's request for a term for Met Life to submit to the Court the administrative record, for the plaintiffs to file a motion for judgment on the administrative record and for defendant to oppose (Docket No. 12) was GRANTED by the Court at the Initial Scheduling Conference held on January 13, 2005. Defendant shall submit to the Court the administrative record on or before January 31, 2005 providing a copy to plaintiffs' counsel. Plaintiffs shall file their legal brief on or before March 3, 2005 and defendant's [sic] shall file their opposition on or before April 4, 2005. IT IS SO ORDERED.

(Docket No. 19).

It has been consistently held by the First Circuit Court of appeals that, unless good cause together with the diligence be shown of the party to comply with the deadlines in strict compliance with O'Connell v. Hyatt, 357 F.3d 152, 155 (1st Cir. 2004) and Chamorro v. Puerto Rican Cars, Inc., 304, F.3d 1, 5 (1st Cir. 2002), the Court should not allow extensions of time to a case management order. In particular, *O'Connell* teaches that "[i]n an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation[. Thus, for the Courts]" to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" O'Connell, 357 F.3d at 155 (*citations omitted*). The First Circuit went even further in its teaching and established that "court[s] may extend a scheduling order deadline on a showing 'of good cause if the (deadline) cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 154 (*citations omitted*). To the Court, this means that all parties seeking additional time from that already provided deadline must make a certified showing to the Court of **both** *good cause* and *diligence* in attempting to meet the deadline. Added to that, the moving parties must also comply with Fed.R.Civ.P. 6(b)(1) which specifically requires that courts to allow an enlargement of time "if request therefor is made **before the expiration of the period originally prescribed** or as extended by a previous order". Id. (*emphasis ours*). Therefore, the court's discretion to grant extensions is not unbridled. The discretion of the court to grant an extension is circumscribed to the moving motion being timely, showing good cause and certifying diligence.

It is quite clear to the Court that at no point did the Court issue an order, as is plaintiffs' contention, that their motion for judgment was due thirty (30) days after having received the administrative record. Furthermore, even when having extended defendant's deadline to submit the record for two additional weeks, the Court, at no point, extended plaintiffs previously ordered, and reaffirmed, deadline of March 3, 2005. Moreover, plaintiffs did not so much as even request the extension of the March 3rd deadline. Notwithstanding the Court does recognize that its primary intent was to, in fact, grant plaintiffs a full thirty (30) days after having received the administrative record to file their legal brief on the matter. This means that plaintiffs would have had Wednesday, March 18, 2005. In turn, plaintiffs **timely** requested an extension of time until the 1st of April of 2005 to file their motion for judgment. It stems from the record that, even if the Court had acquiesced to their request – the Court merely found the request as MOOT on May 27, 2005, Docket – plaintiffs failed to comply with said deadline by filing motion for judgment on April 7th, 2005.

"[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs". Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), *quoting* Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002). Furthermore, counsel do not run the Court. Thus, parties have an "**unflagging duty to comply with clearly communicated case-management orders**". Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998) (*emphasis added*). It is self-evident that "courts cannot function if litigants may, with impunity, disobey lawful orders." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 5, HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988). "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983).

The Court is aware that plaintiffs had clear and unequivocal orders regarding the deadline for the filing of the motion to review the administrative decision. Rather, plaintiffs chose to interpret the Court's orders to their own benefit and proceeded to ill-comply with both the Court's orders and their own interpretations thereof. Accordingly, plaintiff's complaint may be dismissed without prejudice as a sanction for his obvious failure to comply with court orders. However, the Court, seeing as no prejudice has befallen on any party in the instant case as a result of the delay, proceeds to hold its hand and, instead, **ACCEPTS** plaintiffs' untimely filing only because the affected party may have interpreted that they would have thirty days to file their legal brief notwithstanding the Court's previous order. Furthermore, all briefs have been filed and the Court sees no further delay preventing a decision on the case.

Accordingly, defendant's motion to dismiss the case for failure to prosecute (Docket No. 25) is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February of 2006.

S/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. District Judge**